In re: Carl Sanger applying for writs of certiorari, prohibition, mandamus and for a stay order. Parish of Caddo.
Writ granted. The extradition order is reversed.
La.C.Cr.P. Art. 272 requires if a criminal prosecution against the demanded person is pending, any surrender of authorities of another state must be pursuant to a re-extradition agreement. Applicant was indicted for first-degree murder in Louisiana on November 17, 1978, so a prosecution was pending at the time of the extradition hearing on December 21. Therefore, applicant cannot be extradited without a re-extradition agreement. We need not reach the question whether the trial judge was justified in concluding that applicant was the person charged in the Texas indictment. Should the Texas authorities still wish to have applicant returned to Texas, and assuming he is in fact the person charged, it would seem to be a simple matter for them to secure a new affidavit, either taken before a Texas magistrate or more clearly identifying the affiant as the victim of the crime charged so as to meet the objections raised by counsel for applicant. See La.C. Cr.P. Art. 263(1).